# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1997

FILED

October 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9610-CC-00361 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. WHIT LAFON |
| MICHAEL ANTHONY COLE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Revocation of Community Corrections) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF MADISON COUNTY

FOR THE APPELLANT:

C. MICHAEL ROBBINS
202 S. Maple Street, Suite C
Covington, TN 38019

GEORGE MORTON GOOGE
District Public Defender
227 West Baltimore Street
Jackson, TN 30301

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JERRY WOODALL
District Attorney General

JAMES W. THOMPSON
Assistant District Attorney General
Lowell Thomas State Office Building
Jackson, TN 38301

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Michael Anthony Cole, appeals as of right the trial court's revocation of his sentence to community corrections. The Defendant pleaded guilty to one count of felony theft of property over $10,000, a Class C felony, for stealing a Chevrolet pickup truck.[1] He was sentenced to six (6) years, with sixty (60) days to be served in the workhouse and the balance of five (5) years and ten (10) months to be served in community corrections. He was fined one hundred dollars ($100), ordered to pay one hundred eighty dollars ($180) in restitution and provide 250 hours of community service. He was also ordered to stay away from the victim's business. In his one issue in this appeal, he contends that the trial judge abused his discretion in revoking his sentence to community corrections. We affirm the judgment of the trial court.

The trial court has the discretion to revoke a community corrections sentence upon a finding that the defendant has violated the conditions of the agreement; the trial court may then order the defendant to serve his sentence in confinement. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). However, before a trial court may revoke a community corrections sentence, the record must contain sufficient evidence to permit the trial court to make an intelligent and conscientious decision. Id. When revoking a community corrections sentence, the trial court must place its findings of fact and the reasons for the revocation on the record. See Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973).

---

[1] Tenn. Code Ann. §§ 39-14-103, -105(4).

The Tennessee Supreme Court has held that an abuse of discretion standard of appellate review should be used to address the revocation of a community corrections sentence. Harkins, 811 S.W.2d at 82. In order for a reviewing court to be warranted in finding an abuse of discretion in a community corrections revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that the defendant violated the terms of the community corrections program. Id. The proof of a violation of community corrections need not be established beyond a reasonable doubt, but by a preponderance of the evidence, and it is sufficient if it allows the trial judge to make a conscientious and intelligent decision. Id.; State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

If the evidence at the revocation proceeding is insufficient to establish that a violation occurred, the trial court should dismiss the proceeding. Conversely, if the evidence is sufficient, the trial court may, within its discretionary authority, revoke the sentence and require the accused to serve the sentence in confinement. See Tenn. Code Ann. § 40-36-106(e)(3).

The Defendant's primary argument is that the State failed to produce any substantial evidence to support the trial court's revocation of community corrections. The record reflects that the State submitted a behavioral violation report and the testimony of Mickey King, the Defendant's Case Officer with Madison County Community Corrections. In the report, King indicated that the Defendant violated several rules governing his sentence:

2. Make a full and truthful report to program staff in person and/or in writing as directed.

5. Report all arrest [sic], including traffic citations, regardless of disposition.

7. Obey the laws of the United States or any State in which he/she may be as will [sic] as any municipal ordinances.

8. Abide by curfew times as set by program staff and shall not keep late or unusual hours unless employment related.

10. Be liable for all Court Cost payments and Supervision Fee payable monthly.

King produced police arrest reports and testified that the Defendant did not report to him regarding any of the arrests. Those arrests documented were two for violation of the bad check law on January 9, 1996 and March 19, 1996. The Defendant was also arrested for vandalism on March 15, 1996. The report and testimony clearly supports a violation of Rule 5. Also, the police report indicates that the vandalism incident occurred after 10:00 p.m. and King testified that the Defendant had a curfew of 6:00 p.m. This supports the finding that the Defendant violated Rule 8.

The Defendant also claims that the finding of nonpayment of court costs was based on vague information and that no due date existed for payments. However, the violation report indicates payments were to be "payable monthly." The Defendant was sentenced on December 13, 1995, and the revocation hearing was conducted on May 14, 1996. No payment had been made in monthly installments as required. Finally, the Defendant argues that no proof was offered regarding Rules 2 and 7. However, the trial court's revocation order dated May 16, 1996, reflects that the revocation was based on his arrests and the failure to pay court costs. Thus, the lack of sufficient proof regarding these violations is of no consequence in considering the trial court's decision.

-4-

The Defendant offered explanations that he was incarcerated for a number of months, but produced no proof of such. He also testified that he was at home at the time the alleged curfew violation occurred and that his mother stole his disability check, making him unable to pay the costs.

The trial court considered the report and the testimony of both the State's witness and Defendant. The trial court determined that the State had met its burden of producing evidence that the Defendant violated the rules governing his community corrections sentence. Although the trial court did not expound in detail its findings of fact in its order revoking community corrections, it is apparent from the record that substantial evidence existed such that the trial court could make a conscientious and intelligent decision that the Defendant violated the required conditions. The trial court specified in its order that the new arrests and the failure to pay court costs were evidence of the violations. The record reflects that the Defendant failed to notify King of the arrests. We cannot conclude that the trial judge abused his discretion in finding that the Defendant failed to meet the conditions of his sentence, thus warranting revocation. Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-6-

_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE